MICHAEL A. WHITE, ESQ., F-0122
THE LAW OFFICES OF MICHAEL A. WHITE, LLC
POST OFFICE BOX 5222
SAIPAN, MARIANA ISLANDS 96950
TEL: (670) 234-6547
FAX: (670) 234-9537
EMAIL: mwhitespn@yahoo.com

ATTORNEY FOR

FILED
Clerk
District Court

MAR 27 2024

for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| DAC INVESTMENT MANAGEMENT (CHINA) LTD., | : | CASE NO: CV 24-00004 |
| Plaintiff, | : | |
| -v- | : | |
| IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC, | : | |
| Defendant. | : | |

COMPLAINT

Plaintiff DAC Investment Management (China) Ltd., by and through its undersigned attorney, alleges as follows:

Introduction

This lawsuit is filed by DAC Investment Management (China) Ltd. (hereinafter, "Plaintiff" or "DAC") against Imperial Pacific International (CNMI) LLC (hereinafter, "Defendant" or "IPI") for the balance due under an agreement made between IGT Asia Pte Ltd. (hereinafter, "IGT") and IPI. Pursuant to that agreement, IGT was to provide software to IPI, and thereafter provide various services to IPI pursuant to the agreement. In consideration of the foregoing, IPI agreed to make certain payments to IGT, all as more particularly set forth in the agreement. IPI failed to do so, leaving IGT with an unpaid claim against IPI. On March 19, 2024, IGT entered into a Debt Purchase Agreement with DAC, pursuant to which IGT sold and

transferred to DAC all of IGT's right, title, and interest in and to its claim against IPI. DAC now seeks to recover from IPI the principal sum of $278,719.06, together with interest and attorney's fees as more particularly set forth in the agreement between IGT and IPI.

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1), as this case is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Venue in the Northern Mariana Islands is proper pursuant to 28 U.S.C. §1391, because a substantial part of the agreement between IGT and IPI was to be performed in the Northern Mariana Islands, and because IPI is a limited liability corporation organized and existing under and pursuant to the laws of the Northern Mariana Islands, and has its principal place of business therein.

### Parties

3. Plaintiff is DAC Investment Management (China) Ltd., a corporation organized and existing under and pursuant to the laws of the State of Delaware, and having its principal place of business in the State of Illinois.

4. Defendant is Imperial Pacific International (CNMI), LLC, said to be a limited liability corporation organized and existing under and pursuant to the laws of the Commonwealth of the Northern Mariana Islands, and having its principal place of business therein.

5. At all relevant times, DAC was and is a citizen of the State of Delaware for the purposes of diversity jurisdiction.

6. At all relevant times, Defendant IPI was and is a citizen of the Commonwealth of the Northern Mariana Islands, for the purposes of diversity jurisdiction.

Facts

7.      DCA incorporates by this reference as if alleged in full, the allegations set forth in Paragraphs 1 through 6, inclusive.

8.      On or about November 18, 2016, IGT Asia Pte Ltd. and Defendant Imperial Pacific International (CNMI), LLC entered into an agreement, styled "Systems General Terms and Conditions Agreement" (hereinafter, the "Systems Agreement"). A true and correct copy of the Systems Agreement is attached hereto, marked "Exhibit A", and incorporated herein by this reference.

9.      Thereafter, IGT performed its obligations and responsibilities as set forth in Section 3.2, 3.3, and 3.4 of the Systems Agreement.

10.     Pursuant to Section 4 of the Systems Agreement, IPI was obligated to pay to IGT such sums as were due to IGT pursuant to the said Section 4.

11.     Pursuant to the Systems Agreement, IGT billed Defendant for the sums due to IGT pursuant to the Systems Agreement. True and correct copies of invoices dated covering the periods ending March 31, June 30, September 30, and December 31, 2018, and March 31 and June 30, 2019, are attached hereto, collectively marked "Exhibit B", and incorporated herein by this reference. The total of the said invoices is $278,719.06.

12.     Notwithstanding demand, IPI failed, refused, and/or neglected, and still fails, refuses, and/or neglects to pay the amount of the said invoices to IGT, all of which sums are now due and owing.

13.     On March 19, 2024, IGT and DAC entered into a Debt Purchase Agreement (hereinafter, the "Debt Purchase Agreement"), a true and correct copy which is attached hereto, marked "Exhibit C", and incorporated herein by this reference.

14. Pursuant to the Debt Purchase Agreement, IGT sold, assigned, transferred, and conveyed to DAC, and DAC purchased from IGT, all of the right, title, and interest of IGT in and to the aforesaid indebtedness of IPI to IGT.

15. IPI is therefore indebted to DAC in the amount of $278,719.06; together with interest on each invoice at the rate of 12.0% per annum pursuant to Section 4.5.5 of the Systems Agreement, and together with reasonable attorney's fees pursuant to Section 15.3 of the Systems Agreement.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant for the principal sum of $278,719.06; for interest on each of the above-described invoices, at the rate of 12.0% per annum, commencing 30 days after its due date; for reasonable attorney's fees; for its court costs; and for interest on the total of the foregoing at the maximum rate provided by law.

DATED, this 27th day of March, 2024:

_____
MICHAEL A. WHITE, ESQ.
Attorney for Plaintiff