F I L E D
 Clerk
 District Court
APR 16 2024
for the Northern Mariana Islands
By_____JP_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAC INVESTMENT MANAGEMENT (CHINA) LTD., <br><br> Plaintiff, <br><br> v. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC, <br><br> Defendant. | Case No. 1:24-cv-00004 <br><br> **DECISION AND ORDER SUA SPONTE DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff DAC Investment Management (China) Ltd. ("DAC") filed a complaint, premised on diversity jurisdiction, against Defendant Imperial Pacific International (CNMI) LLC ("IPI") for the balance due under an agreement made between IGT Asia Pte Ltd. (hereinafter, "IGT") and IPI. (Compl. 1-2, ECF No. 1.) A review of the complaint reveals that subject matter jurisdiction has not been properly pleaded; therefore, the Court issues this decision and order sua sponte dismissing the action for lack of jurisdiction and granting DAC leave to amend its complaint.

## I.     BACKGROUND

The facts as alleged in the complaint, in relevant part, are as follows. DAC is a corporation incorporated in the State of Delaware with its principal place of business in the State of Illinois. (Compl. ¶ 3.) IPI is a limited liability *corporation* organized and existing under the laws of the Commonwealth of the Northern Mariana Islands ("CNMI") with its principal place of business in the CNMI. (*Id.* ¶ 4)(emphasis added).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction empowered to hear only those cases authorized by the

Constitution or by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss a case if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

> Federal courts have diversity jurisdiction over
>
> all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]

28 U.S.C. § 1332(a). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For example, a corporation is a citizen of the state of incorporation and the state where its principal place of business is located. *Id.* In contrast, a limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Id.* A limited liability corporation is also "a citizen of all of the states of which its owners/members are citizens." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011)(unpublished) (citing *Johnson*, 437 F.3d at 899). "[W]here an LLC is a member of another LLC, the citizenship of the 'sub-member' LLC is likewise defined by the citizenships of its own members." *19th Capital Grp., Inc. v. 3 GGG's Truck Lines, Inc.*, No. CV 18-2493 PA (RAOx), 2018 U.S. Dist. LEXIS 226595, at *4, 2018 WL 6219886 (C.D. Cal. Apr. 3, 2018) (citations omitted).

**III.   DISCUSSION**

In its complaint, DAC asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Compl. ¶ 1.) However, the Court concludes it does not have diversity jurisdiction based on the complaint as presently alleged. This Court has repeatedly recognized its lack of diversity jurisdiction for parties' failure to adequately plead the citizenship of businesses. *See Supertech, Inc. v. My Choice Software, LLC*, No. 1:23-cv-00002, 2023 WL 2600396, at *2 (D. N. Mar. I. Mar. 23, 2023) (collecting cases); *BigBang Ent., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:23-cv-00008, 2023 WL 4406287, at *2 (D. N. Mar. I. July 10,

2023).

DAC has failed to sufficiently plead the citizenship of Defendant IPI, which requires dismissal of its complaint. *See Thermax Inc. v. Coachillin Energy Co., LLC*, No. EDCV 20-1984 DSF (KKx), 2020 U.S. Dist. LEXIS 186266, at *1 (C.D. Cal. Oct. 7, 2020) (ordering the plaintiff to file an amended complaint correcting jurisdictional allegations as it failed to properly plead the citizenship of a LLC party). Because DAC identifies IPI as a limited liability corporation,[1] DAC must identify IPI's members and their citizenships. Since the complaint lacks these allegations, DAC had not met its burden to establish diversity jurisdiction. *See Lindley Countours, LLC*, 414 Fed. App'x at 64 (holding that appellees failed to establish complete diversity as they did "not allege the citizenship of all members of defendant limited partnerships and limited liability corporations").

## IV. CONCLUSION

Because DAC has not adequately plead diversity jurisdiction, the Court sua sponte DISMISSES the action, but grants DAC leave to amend its complaint to correct the deficiencies. DAC's amended complaint is due fourteen days from issuance of this order.

IT IS SO ORDERED this 16th day of April 2024.

_____
RAMONA V. MANGLONA
Chief Judge

---

[1] The undersigned is familiar with Imperial Pacific International (CNMI), LLC, a limited liability *company*, as it is a frequent litigant in this district. Thus, DAC is instructed to confirm IPI's corporate structure - whether IPI is a limited liability corporation or a limited liability company.